UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-72-KAC-DCP |
| | ) | |
| EUGENIO ABRAHAM SOLIS-KLARKS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Eugenio Abraham Solis Klarks' Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 19], filed on October 17, 2025.

Defendant requests the Court to continue the motion deadline, set for October 22, 2025, the plea deadline, set for October 31, 2025, and the trial date, set for December 2, 2025, by 120 days [*Id.* pp. 1-2] . In support of his motion, Defendant states that his counsel needs the additional time for research and investigation to determine whether pretrial motions should be filed [*Id.* ¶ 2]. Defendant had his initial appearance on September 24, 2025, and an initial discovery disclosure was made shortly thereafter. [*Id.*]. Defendant notes that the discovery contains numerous items of multimedia and must be reviewed with Defendant using capable technology [*Id.*]. Additionally, all of the discovery must be translated from English to Spanish so that Defendant is able to understand and comprehend it [*Id.*]. Further, Defendant's counsel needs the additional time to review the discovery and the sentencing guidelines with Defendant and the potential impact of a conviction [*Id.*]. Defendant is in remote custody in Laurel County, Kentucky and requires an interpreter for all meetings and discussions [*Id.*]. Defendant needs the additional time to ensure he

understands the discovery in the case and his options moving forward [*Id.*]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 4]. The Government does not oppose the request for a continuance [*Id.* ¶ 5].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to review discovery, conduct research, consider pretrial motions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the December 2, 2025 trial date.

The Court therefore **GRANTS** Defendant Eugenio Abraham Solis Klarks' Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 19**]. The trial of this case is reset to **April 21, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 17, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Eugenio Abraham Solis Klarks' Unopposed motion to Continue Motion deadline, Plea Deadline, and Trial Date [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 21, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 17, 2025**, and the new trial date of **April 21, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **November 17, 2025,** and responses to motions are due on or before **December 1, 2025;**

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 20, 2026**;

(6) the deadline for filing motions *in limine* is **April 6, 2026**. Responses to motions *in limine* are due on or before **April 14, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 7, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 10, 2026.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge